In the Matter of the Application of JAMES B. CAHILL, Petitioner, and All Employees of the State Insurance Fund Similarly Situated, for a Peremptory Order of Mandamus against MORRIS S. TREMAINE, as Comptroller of the State of New York, and Others, Respondents.

Hill, P. J., McNamee and Bliss, JJ., concur; Rhodes, J., concurs upon the ground that the State, as proprietor, is engaged in the business of insurance, and that the insurance moneys in question are the property of the State; Crapser, J., dissents, with an opinion.

CRAPSER, J. (dissenting). This controversy is submitted pursuant to sections 546 and 548 of the Civil Practice Act. The petitioner, James B. Cahill, was an employee of the State Insurance Fund and prosecutes this proceeding in his own behalf as well as for all employees of the State Fund similarly situated.

The respondents are the Comptroller, the Industrial Commissioner and the Commissioner of Taxation and Finance of the State of New York, the latter of whom is also the custodian of the State Insurance Fund.

All appointments to positions in the State Insurance Fund shall be made subject to civil service requirements. (Workmen's Comp. Law, § 94.)

Section 1 of chapter 211 of the Laws of 1933 provides among other things as follows: " For his personal service within the period beginning April fifteenth, nineteen hundred and thirty-three, or, if this act does not take effect before then,

beginning when it does take effect, and ending June thirtieth, nineteen hundred and thirty-four, the compensation of a person now employed by a state department, board, commission, body, officer, institution or other state agency and who is and shall be compensated from receipts of state moneys not paid into the state treasury and not appropriated by the legislature, shall be reduced in accordance with the graduated percentage reductions prescribed by the next section." Section 4-a was added to chapter 211 of the Laws of 1933 by chapter 749 of the Laws of 1934.

The Comptroller of the State applied the reductions prescribed by said statute to the State Insurance Fund employees. The petitioner in question contends that he and all other persons similarly situated are exempt from such statutory reductions and that they are entitled to be repaid the sums heretofore subtracted from their salaries.

The matter before this court calls for the construction of chapter 211 of the Laws of 1933.

Article 5 of the Workmen's Compensation Law creates the State Fund as part of the Workmen's Compensation Law. Section 90 provides that such fund shall consist of all premiums received and paid into the fund, all property and securities acquired by and through the use of moneys belonging to the fund and all interest earned upon moneys belonging to the fund and deposited and invested as herein provided. Such fund shall be applicable to the payment of losses sustained on account of insurance and to the payment of expenses in the manner provided in this chapter. Such fund shall be administered by the Industrial Commissioner.

The Commissioner of Taxation and Finance (State Treasurer) is the custodian of the State Fund and all disbursements therefrom are paid by him upon vouchers signed by the Commissioner or Deputy Commissioner. He is required to give a separate and additional bond in an amount fixed by the Governor and approved by the State Comptroller, conditioned for the faithful performance of his duty as custodian of the State Fund. Such moneys are not paid into the State Treasury and are not appropriated by the Legislature, they are not received from any taxes and are not contributed to by the State of New York except so far as the State of New York pays premiums upon insurance carried by it in the State Fund. The moneys are not raised for any State purpose and are not the same as moneys paid in the State Treasury for the purpose of deferring State expenses.

Any of the surplus or reserve fund belonging to the State Insurance Fund may, by order of the Commissioner, approved by the Superintendent of Insurance, be invested in or loaned upon the pledge of any securities in which a savings bank may invest. The State Treasurer is the custodian of all such securities and collects the principal and interest and pays the same into the State Insurance Fund; he pays the vouchers drawn on the State Insurance Fund for the making of such investments when signed by the Commissioner or Deputy Commissioner.

The entire expense of administering the State Insurance Fund is payable out of such fund. (Workmen's Comp. Law, § 94.) Rates and dividends are provided for by sections 95 and 96.

The issue is whether the petitioner and persons similarly situated are paid from receipts of State moneys.

While the law provides that the State Treasurer shall have custody of the money creating the State Insurance Fund, it does not provide for it to be paid into the State Treasury or to be appropriated by the Legislature but to be paid out on

the vouchers of the Commissioner or Deputy Commissioner. The money that is paid out for injured employees has been collected from holders of policies in the State Insurance Fund.

The purpose of the act was to establish an insurance fund to which employers who join the fund are required to contribute and out of which fund compensation to the workmen is paid and a contribution to which by the employer relieves him from further liability.

The Commissioner of Taxation and Finance is the mere custodian of the fund. They are afforded the same safeguards as State funds. The funds are not available to the State for any purpose except in payment of injuries of the employees upon whom the State carries insurance.

The Commissioner of Taxation and Finance is required to supervise other funds which are not State funds. (Surr. Ct. Act, § 272; State Finance Law, § 3, subd. 8.)

State moneys are those which result from the exercise of the power of the State to tax or otherwise to obtain moneys for its own use; such moneys pass into the State Treasury and cannot be expended except upon appropriations made by the State Legislature. (State Const. art. 3, § 21.)

The moneys of the State Insurance Fund are not State moneys; they are not derived through the State's taxing power, and if they were State moneys they could only be disposed of by legislative appropriations.

The State Finance Law provides for a Canal Fund, for an Educational Fund, for an Interest Deposit Fund, for a Conservation Fund, for a Prison Fund and for other funds. There are many funds which the State administers which are made up by the collection of licenses and fees and which are expended not by appropriations but directly by some commission or board upon the warrant of the chairman. A reading of section 37 of the State Finance Law demonstrates that there are moneys which are not in the State Treasury which are State moneys. That section provides that every State officer, employee, department, institution, commission, board or other agency of the State receiving moneys for or on behalf of the State shall on the fifth day of each month pay to the State Treasurer all such moneys received during the preceding month accompanied by a duly verified statement.

By the law under consideration the Legislature intended to cut down the State's expenses by a reduction in salaries paid by the State; that was the purpose and aim of the statute. The application of the law in question to the employees of the State Insurance Fund could not have accomplished the purpose for which the law was intended and, therefore, it is clear that the provisions of the law did not apply to those persons receiving their entire compensation from the State Insurance Fund as they were not compensated from the receipts of State money.

A final order of peremptory mandamus should be granted to the petitioner directing the respondents to restore all reductions of salaries heretofore made to each of the employees of the State Insurance Fund whose compensation is paid wholly by the State Insurance Fund and from whose compensation such reductions have heretofore been made and directing that no further reductions shall be made by reason of said statute from the compensation of employees of the State Insurance Fund whose compensation is paid wholly from that fund.